STATE OF WEST VIRGINIA

*v.*

RICHARD LEE SMOOT

(No. 14316)

Decided July 17, 1981.

*Parrish McKittrick* and *Harry C. Taylor, II*, for Smoot.

*Chauncey H. Browning*, Attorney General, *S. Clark Woodroe*, Assistant Attorney General, for State.

PER CURIAM:

This is an appeal by Richard Lee Smoot from an order of the Circuit Court of Jackson County sentencing him to from one to ten years in the state penitentiary for grand larceny. Among other points, the appellant asserts that the trial court erred in failing to allow defense counsel to cross-examine a key prosecution witness about a prior inconsistent statement concerning the appellant's innocence. We conclude that the trial court should have allowed the cross-examination, and we reverse the judgment of the circuit court.

The appellant was charged with the grand larceny of television sets and other property belonging to Perry Shinn. Indicted with him were Michael Curtis Downs, Terry Lee Davis, and Steven Howard Downs. In the course of the State's investigation of the crime, Terry Lee Davis gave the authorities a statement implicating the appellant in the crime. After giving the statement, Davis pled guilty and was placed on probation.

While he was preparing the appellant's defense, defense counsel learned that after giving the initial written statement dated July 25, 1977, indicating that the appellant had participated in the taking of Shinn's property, Davis had written a second statement. In this statement he indicated that he had given the first statement because he wanted out of jail. In the second statement he also said:

"I my self [sic] didn't committ [sic] a crime in Jackson Co. and neith [sic] did Michael Downs or Rich Smoot."

At the trial of the appellant Terry Lee Davis was called as one of the State's principal witnesses. Initially he was unable to recollect the events surrounding the larceny of Shinn's property. To refresh his recollection, the prosecutor asked him to read the July 25, 1977 statement. After reading the statement Davis proceeded to testify before the jury that the appellant had participated in the crime.

In an attempt to impeach Mr. Davis, defense counsel on cross-examination asked questions regarding the subsequent statement in which Davis indicated that his July 25, 1977 statement implicating the appellant was untrue. The prosecution objected to the questions, and the trial court sustained the objections and excluded the evidence.

The appellant now asserts that the trial court erred in refusing to allow cross-examination of Davis concerning the inconsistencies in his prior statements. In Syllabus Point 5 of *State v. Sette*, 161 W.Va. 384, 242 S.E.2d 464 (1978), we said:

"Prior inconsistent statements of prosecution witnesses in a criminal case are admissible for impeachment purposes without the need to lay any particular foundation for their admission."

The facts in *Sette* were that in the course of trial the defendant attempted to offer into evidence an inconsistent statement made by the key prosecution witness, Kathy West. According to the opinion: "The proffered testimony was to the effect that Kathy West, while sobbing, announced to Mr. Kelley that the appellant had nothing to do with the murder." *Id.* at 471. We concluded that the statement, because it contradicted West's previous detailed testimony regarding the defendant's participation in the crime, was admissible for impeachment purposes.

Here, Davis' second statement was almost identical to the inconsistent statement excluded by the trial court in the *Sette* case. Like the West statement it contradicted his earlier testimony regarding the appellant's participating

710

in the crime and cast doubt on his credibility. Under Syllabus Point 5 of *Sette, supra,* it should have been admitted into evidence for impeachment purposes. We conclude that the trial court's failure to allow it into evidence for impeachment purposes, especially in light of Mr. Davis' initial inability to recollect the circumstances surrounding the crime, prejudiced the appellant's case and constituted reversible error.

We have examined the appellant's other assignments of error and determined that they are without merit or do not involve matters that may relate to a new trial. We, therefore, conclude that it is unnecessary to discuss them.

For the reasons stated the judgment of the Circuit Court of Jackson County is reversed and this case is remanded for a new trial.

*Reversed and remanded.*